```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

PAMELA GIBSON,                    :
                                  :
     Plaintiff,                   :
                                  :      CIVIL ACTION
v.                                :
                                  :      NO. 1:12-CV-2990-WSD-ECS
ROSENTHAL, STEIN, AND             :
ASSOCIATES, LLC,                  :
                                  :
     Defendant.                   :
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Rosenthal, Stein, and Associates, LLC. [Doc. 14]. For the reasons discussed herein, it is **RECOMMENDED** that Plaintiff's motion, [Doc. 14], be **GRANTED**, but that entry of default judgment be **DEFERRED** until such time as a hearing may be conducted to ascertain Plaintiff's damages.

**I.**
**Background**

Plaintiff Pamela Gibson ("Plaintiff") commenced this civil action on August 28, 2012, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Count I), and state law claims of invasion of privacy "by intrusion upon seclusion" (Count II), and intentional infliction of emotional distress (Count III). See [Doc. 1]. Defendant was served with Plaintiff's complaint

AO 72A
(Rev.8/82)

by personal service on Bryan Knight, Defendant's registered agent, on September 10, 2012. See [Doc. 6]. Thereafter, Plaintiff filed an amended complaint on December 4, 2012. [Doc. 9]. Defendant was served with Plaintiff's amended complaint by personal service on Michael Cohen, also a registered agent for Defendant, on December 19, 2012. See [Doc. 12]. To date, Defendant has not filed an answer or other response to the original or amended complaint or to this motion for default judgment or any other pleading. On January 18, 2013, Plaintiff filed a motion for clerk's entry of default. [Doc. 13]. Default was entered on January 24, 2013, and Plaintiff moved for default judgment on February 18, 2013. [Doc. 14].

The facts established by the allegations in Plaintiff's amended complaint are as follows:  In August 2011, Plaintiff received a phone call from an unknown representative of Defendant. [Doc. 9 ¶ 6]. During the phone call, Defendant's representative told Plaintiff that Plaintiff's daughter had taken out a loan in Plaintiff's name and that Plaintiff "needed to pay that day or else ROSENTHAL would put Plaintiff in jail." [Id. ¶ 7].  Plaintiff contacted her daughter who had no recollection of taking out such a loan.  Feeling afraid and intimidated, Plaintiff borrowed $100 to pay Defendant so Defendant would not have her incarcerated. [Id. ¶ 8].  After Plaintiff paid Defendant the $100, a representative of Defendant told Plaintiff that

if Plaintiff failed to make payments every two weeks then Defendant would "throw her in jail." [Id. ¶¶ 9, 10].

In November 2011, after the power was cut off in her home, Plaintiff asked Defendant for more time to make payments. Defendant denied her request. [Doc. 9 ¶ 13]. Worried that she would be incarcerated, Plaintiff borrowed money from her cousin to pay Defendant. [Id. ¶ 14]. A month later, in December 2011, Plaintiff was again unable to pay Defendant. Defendant called Plaintiff and told her that "ROSENTHAL had contacted the local Sheriff about her delinquency and she now owes them an additional $1200." [Id. ¶ 15].

On December 15, 2011, a representative of Defendant left a message on Plaintiff's phone stating: "Your payment declined today.... You were down to $100, now its $150. Another decline, your payment will be $200 um, after tomorrow...." [Doc. 9 ¶ 16]. On December 19, 2011, Defendant left another message on Plaintiff's phone stating: "[W]e haven't gotten a payment from you in thirty days.... Somebody from the County will be contacting you, I think that's Cobb County out there in Sandy Springs. The Sheriff's department is going to cost you an additional $1,200. Um, if you get a chance today give me a call, see what you can do...." [Id. ¶ 17].

Plaintiff seeks an award of statutory damages for Defendant's alleged violations of the FDCPA, as well as an award of actual damages, court costs, and reasonable attorney's fees. [Doc. 14-1 at

3

6-10]. Plaintiff further requests that the Court conduct a hearing regarding the actual damages amount and that counsel be allowed to submit evidence and supporting documentation regarding attorney's fees. [Id. at 9-10].

## II.
## Discussion

**A. Liability**

**1. Default Judgment Standard**

The entry of default is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). In this case, Defendant was required to respond to Plaintiff's complaint within 21 days after being served with the summons and complaint, Fed. R. Civ. P. 12(a)(1)(A)(i), but to date has not responded in any manner. Therefore, entry of default is appropriate.

Once the clerk has made an entry of default, default judgment may be obtained by application to the Court upon the failure of any party to plead or otherwise defend as provided by the rules. Fed. R. Civ. P. 55(b). However, "a motion for default judgment is not granted as a matter of right. Rather, Rule 55 vests the Court with discretion to determine whether the judgment should be entered." Latimore v. Gateway Retrieval, LLC, 1:12-cv-0286-TWT-JFK, 2013 WL 791258, at *3 (N.D. Ga. Feb. 1, 2013) (quoting Pitts ex rel. Pitts

4

v. Seneva Sports, Inc., 321 F. Supp.2d 1353, 1356 (S.D. Ga. 2004)). In this regard, the Court must ensure that a plaintiff's complaint states a plausible claim for relief, Cotton v. Mass Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005), because "defaulting defendants are deemed to have admitted the plaintiff's well-pleaded allegations of fact, [and] default judgment should not be entered unless the plaintiff's claim is legally sufficient." McCoy v. Johnson, 176 F.R.D. 676, 679 (N.D. Ga. 1997); Gilmore v. Account Mgmt., Inc., No. 1:08-cv-1388-JOF-LTW, 2009 WL 2848278 at *4 (N.D. Ga. Apr. 27, 2009), adopted in part by Gilmore v. Account Mgmt., Inc., No. 1:08-cv-1388-JOF, 2009 WL 2848249 (N.D. Ga. Aug. 31, 2009).

**2. Plaintiff's Claims**

**a. FDCPA**

Plaintiff alleges in her complaint that Defendant's actions violated multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g. See [Doc. 9 ¶ 19]. "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Latimore, 2013 WL 791258, at *5 (citations and internal punctuation omitted); see also Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012).

In this case, the first element of an FDCPA claim is satisfied because Plaintiff alleges that Defendant contacted her multiple times and sought repayment of a loan allegedly taken out in Plaintiff's name, thus making Plaintiff "the object of collection activity arising from consumer debt." See [Doc. 9 ¶¶ 6-17]. As for the second element, Plaintiff alleges that Defendant "is a collection agency" and that she was contacted by Defendant via telephone. See [Doc. 9 ¶ 5, 6-17]. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce ... in any business the principal purpose of which is the collection of any debts ...." 15 U.S.C. § 1692a(6). Plaintiff's allegations plausibly establish that Defendant is a debt collector because "the principal purpose" of a collection agency is to collect debts, and a telephone is "an instrument of interstate commerce." See Latimore, 2013 WL 791258, at *5.

The third element of Plaintiff's FDCPA claim is also satisfied by Plaintiff's allegations. Under the FDCPA, a debt collector is prohibited from making false representations concerning "the character, amount, or legal status of any debt" or stating falsely "that nonpayment of any debt will result in the arrest or imprisonment of any person." Id. § 1692e(2), (4); Harper v. Better Bus. Servs., 768 F.Supp. 817, 819 (N.D. Ga. 1991). It is also a violation of the FDCPA for a debt collector to take actions that

6

cannot legally be taken, see § 1692e(5), to collect or attempt to collect a debt that is not "expressly authorized by the agreement creating the debt or permitted by law," see id. § 1692f(1); Beringer v. Hearshe, Kemp, LLC, 1:10-CV-1399-GET-ECS, 2011 WL 3444349 (N.D. Ga. May 4, 2011) adopted by, 1:10-CV-1399-WSD-ECS, 2011 WL 3444347 (N.D. Ga. Aug. 8, 2011), or to use false representations "to attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Furthermore, certain non-actions or omissions of a debt collector are also prohibited by the FDCPA. A debt collector's failure to disclose to the consumer "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" is a violation of § 1692e(11). And, after initially communicating with a consumer, a debt collector is in violation of § 1692g(a) if it fails to send the consumer a written notice containing (1) "the name of the creditor to whom the debt is owed," (2) a statement that unless the debt is disputed within thirty days "the debt will be assumed to be valid," and (3) a statement that if the consumer disputes the debt within thirty days "the debt collector will obtain verification of the debt ... [and it] will be mailed to the consumer ...." Id. § 1692g(a)(2), (3), (4).

In this case, Plaintiff alleges facts establishing violations of each of the FDCPA provisions listed above. Specifically, the

7

complaint plausibly alleges that Defendant violated the FDCPA by "threatening on multiple occasions to have the Plaintiff incarcerated for failing to pay a debt which she did not legally owe"; "arbitrarily changing the amount claimed to be owed on a debt Plaintiff was not legally obligated to pay"; "threatening that the nonpayment of a debt which Plaintiff did not legally owe would result in imprisonment"; "threatening to take action against the Plaintiff for failure to pay a debt which she was not legally obligated to pay"; "employing false and deceptive means to collect a debt from the Plaintiff she legally did not owe, such as a vague originating source of the debt and potential incarceration for nonpayment as means to collect from Plaintiff"; "never stating the mini-Miranda warning in communications with Plaintiff"; "attempting to collect a debt from the Plaintiff which she did not legally owe"; and "never providing Plaintiff a 30-day validation notice." See [Doc. 9 ¶¶ 6-21, 23]. As such, Plaintiff is entitled to default judgment on her claim that Defendant violated the FDCPA.

Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for default judgment be **GRANTED** on her FDCPA claim against Defendant.

### b. Invasion of Privacy

Plaintiff also states in her motion for default judgment that Defendant has admitted liability on her state law claim of invasion of privacy by intrusion upon seclusion. See [Doc. 14-1 at 1-2].

8

Under Georgia law, a plaintiff establishes liability for the tort of invasion of privacy by intrusion upon seclusion by "alleg[ing] a physical intrusion which is analogous to trespass." <u>Benedict v. State Farm Bank, FSB</u>, 309 Ga. App. 133, 136, 709 S.E.2d 314, 318 (2011) (citations omitted).  The "physical intrusion" requirement can also be met if the allegations "show[] that the defendant conducted surveillance on the plaintiff or otherwise monitored her activities." <u>Id.</u>

Here, Plaintiff has not alleged facts showing that Defendant trespassed on her property or physically intruded in a way that is analogous to a trespass.  Nor does the complaint contain facts showing that Defendant conducted surveillance on Plaintiff or otherwise monitored her activities.  Without more, Plaintiff's allegations do not plausibly establish an actionable claim for this species of invasion of privacy. See <u>Benedict</u>, 309 Ga. App. at 137 (stating that repeated, harassing phone calls to debtor concerning a past due debt are insufficient to establish a claim for invasion of privacy under Georgia law).  It bears noting in this regard that Plaintiff has not presented any argument in her motion for default judgment that would establish a claim for invasion of privacy by intrusion upon seclusion.  For these reasons, the Court **RECOMMENDS** that Plaintiff's motion for default judgment be **DENIED** on her state law claim for invasion of privacy by intrusion upon seclusion.

**c.  Intentional Infliction of Emotional Distress**

Plaintiff also states in her motion for default judgment that Defendant has admitted liability on her state law claim of intentional infliction of emotional distress. See [Doc. 14-1 at 1-2]. "Liability for intentional infliction of emotional distress has been found 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Farrell v. Time Service, Inc., 178 F. Supp.2d 1295, 1299 (N.D. Ga. 2001) (quoting Biven Software, Inc. v. Newman, 222 Ga. App. 112, 113–14, 473 S.E.2d 527, 529 (1996)). The issue of whether allegations rise to the requisite level of outrageousness is a question of law for the court to decide, see id., and "threatening language does not rise to such levels." Cornelius v. Auto Analyst, Inc., 222 Ga. App. 759, 762, 476 S.E.2d 9, 11 (1996) (citations omitted).

Here, Plaintiff alleges that on several occasions Defendant's representatives threatened her with jail if she failed to make payments on a loan allegedly taken out in her name.  As a result of Defendant's actions, Plaintiff states that she suffered from fear, intimidation, worry and concern for her freedom. [Doc. 14-1 at 5]. Although these allegations sufficiently establish that Plaintiff suffered emotional distress, they do not show intentional or reckless

10

AO 72A
(Rev.8/82)

conduct that is extreme and outrageous. Compare Latimore, 2013 WL 791258, at *6-7 (phone calls and voice mails threatening to arrest and incarcerate debtor not extreme and outrageous); Cook v. Covington Credit of Georgia, Inc., 290 Ga. App. 825, 828, 660 S.E.2d 855, 858 (2008) (no cause of action where debt collectors made numerous demands over the telephone, personally confronted debtor at his place of employment, and used racial epithet to insult debtor); Cornelius v. Auto Analyst, Inc., 222 Ga. App. 759, 762, 476 S.E.2d 9, 11 (1996) (letter to debtor threatening arrest for failing to pay debt is not "extreme and outrageous" conduct); with American Financial & Loan Corp. v. Coots, 105 Ga. App. 849, 125 S.E.2d 689 (1962) (cause of action stated where bill collector terrorized plaintiff and his family at gunpoint); Delta Financial Co. v. Ganakas, 93 Ga. App. 297, 91 S.E.2d 383 (1956) (threats to arrest a small child while attempting to gain entry into the child's parents' home to repossess a television set was extreme and outrageous); Stephens v. Waits, 53 Ga. App. 44, 184 S.E. 781 (1936) (cause of action stated where debt collectors physically intimated the plaintiffs as they were attempting to bury a family member). Because Plaintiff's allegations do not establish that Defendant's conduct was sufficiently extreme and outrageous, the Court **RECOMMENDS** that Plaintiff's motion for default judgment be **DENIED** on her state law claim for intentional infliction of emotional distress.

11

### 3. Damages

In her motion, Plaintiff requests $1,000 in statutory damages under the FDCPA and $1,010.36 in court costs. Plaintiff also requests a hearing on actual damages and a determination that she is entitled to recover reasonable attorney's fees. See [Doc. 14-1 at 9-10].

If a defendant violates the FDCPA, the court may award statutory damages to the plaintiff up to $1,000. 15 U.S.C. § 1692k(2)(A). In addition to statutory damages, the court may also award "reasonable attorney's fees" and "costs of the action." Id. § (3); accord Grable v. Gregory J. Barro, PLC, 1:05-cv-3133-JEC, 2007 WL 879584 at *3 (N.D. Ga. Mar. 20, 2007). On entry of default, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotation omitted).

In this case, the undersigned finds that Plaintiff is entitled to such statutory damages up to $1,000 as the Court may deem appropriate under 15 U.S.C. § 1692k(2)(A). Additionally, the declaration of Jared Lee, Plaintiff's attorney, see [Doc. 14-2], sufficiently establishes that Plaintiff has expended $1,010.36 in court costs. Thus, under § 1692k(3), Plaintiff is also entitled to recover costs in the amount of $1,010.36. Plaintiff's reasonable

12

attorney's fees and actual damages under the FDCPA are not, however, "liquidated sum[s] or [] capable of mathematical calculation." Adolph Coors Co., 777 F.2d at 1543. When a plaintiff's actual damages are not liquidated, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (internal citations omitted) (holding the district court did not abuse its discretion by holding an evidentiary hearing to determine damages because the defaulting defendant was proceeding pro se, the action required proof of actual damages, and the amount requested by plaintiff "lack[ed] ... any factual basis").

Accordingly, it is **RECOMMENDED** that the Court **RESERVE JUDGMENT** on Plaintiff's motion for default judgment, [Doc. 14], until the Court has heard evidence regarding Plaintiff's reasonable attorney's fees and actual damages under the FDCPA. See Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to determine the amount of damages.").

### III.
### Conclusion

In light of Defendant's failure to defend or respond to this action, the undersigned **RECOMMENDS** that Plaintiff's motion, [Doc.

13

14], be **GRANTED**, and that Defendant be found in default and default judgment entered pursuant to Federal Rule of Civil Procedure 55. Because certain of Plaintiff's damages are unliquidated, however, the undersigned **RECOMMENDS** that the entry of default judgment under Rule 55 be **DEFERRED**, pending a hearing on any award of attorney's fees and actual damages under the FDCPA.  Therefore, the award of statutory damages, attorney's fees, and costs should also be **DEFERRED** until after a hearing.[1]

**SO REPORTED AND RECOMMENDED**, this 13th day of May, 2013.

    s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

---

[1] If, upon review, the District Judge adopts this Report and Recommendation, this matter may be referred to the undersigned for a hearing in order that Plaintiff may present evidence and argument as to damages. See Fed. R. Civ. P. 55(b)(2).  In this case, Plaintiff made no demand for a jury trial, so a right to a jury trial is not at issue.

AO 72A
(Rev.8/82)