IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA GIBSON, | |
| **Plaintiff,** | |
| v. | 1:12-cv-2990-WSD |
| ROSENTHAL, STEIN, AND ASSOCIATES, LLC, | |
| **Defendant.** | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Report and Recommendation [15] ("R&R") on Plaintiff Pamela Gibson's Motion for Entry of Default Judgment [12] ("Default Judgment Motion").

**I.   BACKGROUND**

    A.   Facts[1]

This action arises from alleged debt collection activities by Defendant Rosenthal, Stein, & Associates, LLC ("Defendant") against Plaintiff Pamela Gibson ("Plaintiff"). In her Complaint, Plaintiff alleges that, in August 2011, she

---

[1] These facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts the facts in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.1993).

received a phone call from an unknown representative of Defendant, who claimed that Plaintiff's daughter had taken out a loan in Plaintiff's name and that Plaintiff needed to pay Defendant or else be thrown in jail.  (R&R at 2.)  Plaintiff's daughter did not remember taking out a loan.  (Id.)  Concerned about the jail threat asserted by Defendant's representative, Plaintiff borrowed $100 to pay Defendant.  After doing so, Plaintiff was told to continue making payments every two weeks or she risked being thrown in jail.  (Id. at 2-3.)  In November 2011, after Defendant denied Plaintiff's request for more time to make payments, Plaintiff again borrowed money to pay Defendant.  (Id. at 3.)  In December 2011, Defendant informed Plaintiff that Defendant had contacted the local Sheriff about her delinquency and that she then owed additional amounts on the loan.  (Id.)

B.   Procedural History

On August 28, 2012, Plaintiff filed this action against Defendant, alleging (1) violations of the Fair Debt Collection Practices Act; (2) violations of state privacy law; and (3) intentional infliction of emotional distress.  On September 10, 2012, Defendant was served with Plaintiff's Complaint [6].  On December 19, 2012, Defendant was served with Plaintiff's Amended Complaint [9].  Defendant has not filed an answer or otherwise appeared in this case.

On January 18, 2013, Plaintiff filed her Motion for Clerk's Entry of Default

[13] and default was entered on January 24, 2013.

On February 18, 2013, Plaintiff filed her Default Judgment Motion seeking default judgment on the counts alleged in her complaint. With respect to her FDCPA claims, Plaintiff requests an award of statutory damages, actual damages, court costs, and reasonable attorney's fees. She further requests that the Court conduct a hearing regarding the actual damages amount and that counsel be allowed to submit evidence and supporting documentation regarding attorney's fees. (Id. 3-4.) With respect to the state law privacy claim, Plaintiff requests an award of actual damages. With respect to the emotional distress claim, Plaintiff requests an award of actual and punitive damages.

On May 13, 2013, Magistrate Judge Scofield issued his R&R on Plaintiff's Default Judgment Motion. Applying Rule 55(a) of the Federal Rules of Civil Procedure, the Magistrate Judge found that Defendant is in default and thus has admitted all well-pleaded factual allegations in the Complaint. (Id. at 4-5 (citing McCoy v. Johnson, 176 F.R.D. 676, 679 (N.D. Ga. 1997)).) Accepting Plaintiff's factual allegations as true, the Magistrate Judge next evaluated the legal sufficiency of each claim asserted by Plaintiff. (Id. at 5 (citing Cotton v. Massachusetts Mutual Life Insurance Co., 402 F.3d 1267, 1278 (11th Cir. 2005)).)

The Magistrate Judge evaluated Plaintiff's FDCPA claims in accordance

with a three-part standard that requires Plaintiff to prove that: (1) Plaintiff has been the object of collection activity arising from consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant has engaged in an act or omission prohibited by the FDCPA.  (Id. at 5 (citing Latimore v. Gateway Retrieval, LLC, No. 1:12-CV-00286, 2013 WL 791258, at *3 (N.D. Ga. Feb. 1, 2013)).)

The Magistrate Judge found that the first element is satisfied because Plaintiff alleges that Defendant called her multiple times and sought repayment of a loan allegedly taken out in Plaintiff's name, thus making Plaintiff "the object of collection activity arising from consumer debt."  (Id. at 6.)  The Magistrate Judge found that the second element is satisfied because Plaintiff's allegations plausibly establish that Defendant is a debt collector, considering "the principal purpose" of a collection agency is to collect debts and a telephone is "an instrument of interstate commerce," in accordance with the definition of a "debt collector" under 15 U.S.C. § 1692(a)(6).  (Id.)  The Magistrate found that the third element is satisfied because Plaintiff sufficiently alleged facts establishing that Defendant violated a number of FDCPA provisions including threatening Plaintiff with imprisonment for nonpayment of a debt she did not owe, as proscribed by 15 U.S.C. § 1692e.  (Id. at 6-8.)  After confirming all three elements of an FDCPA

4

claim, the Magistrate Judge recommended that the Court grant default judgment on Plaintiff's FDCPA claim against Defendant.  (Id. at 8.)

The Magistrate Judge next evaluated Plaintiff's Georgia privacy law claim.  The Magistrate Judge found that, under Georgia law, Plaintiff can establish liability for invasion of privacy by intrusion upon seclusion by either (1) alleging a physical intrusion which is analogous to trespass or (2) showing that Defendant conducted surveillance on Plaintiff or otherwise monitored her activities.  (Id. at 8-9 (citing Benedict v. State Farm Bank, FSP, 709 S.E.2d 314, 318 (Ga. Ct. App. 2011)).)  Noting that the facts alleged by Plaintiff constituted neither a physical intrusion analogous to trespass nor a surveillance or monitoring of Plaintiff's activities, the Magistrate Judge found Plaintiff's state privacy law allegations legally insufficient and recommended that the Court deny default judgment on that claim.  (Id. at 9.)

The Magistrate Judge next evaluated Plaintiff's intentional infliction of emotional distress claim.  The Magistrate Judge found that that "liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  (Id. at 10 (quoting Farrell v. Time Serv., Inc., 178 F.

Supp. 2d 1295, 1299 (N.D. Ga. 2001)).)  Noting that whether allegations rise to the requisite level of outrageousness is a question of law for the courts to decide, the Magistrate Judge found they did not meet this high standard and concluded that Plaintiff's intentional tort allegations are legally insufficient and recommended denying default judgment on that claim.  (Id. at 10-11.)

With respect to damages, the Magistrate Judge recommended awarding $1,000 in statutory damages under the FDCPA, in accordance with 15 U.S.C. § 1692k(2)(a).  (Id. at 12.)  The Magistrate Judge also found the declaration of Plaintiff's counsel [14-2] sufficient to recommend awarding $1,010.36 in court costs, in accordance with § 1692k(3).  (Id.)  The Magistrate Judge noted that since attorney's fees and actual damages are not "liquidated sum[s] or capable of mathematical calculation" under the standard established in Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985), the Court is obliged to assure that there is a "legitimate basis for any damage award it enters."  (Id. at 13 (quoting Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)).)  The Magistrate Judge recommended that the Court reserve judgment on Plaintiff's Default Judgment Motion pursuant to Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure until the Court has conducted an evidentiary hearing regarding Plaintiff's claimed attorney's fees and actual damages.  (Id.)

Neither party filed objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (2006); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  In this case, neither party objected to the R&R and the Court reviews it for plain error.

### B.   Analysis

#### 1.   *FDCPA Claims*

The Magistrate Judge found that Plaintiff is entitled to default judgment on her FDCPA claims because she adequately alleged that: (1) Plaintiff was the object of collection activity arising from consumer debt; (2) Defendant is a debt collector under the FDCPA; and (3) Defendant engaged in acts prohibited by the FDCPA.

The Court does not find plain error in this finding.  See Fed. R. Civ. P. 55 (authorizing default judgment generally); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (holding that default judgment is proper so long as the well-pleaded allegations in the complaint constitute a legally sufficient cause of action); Latimore, 2013 WL 791258, at *3 (exemplifying the three-part standard for FDCPA claims and finding that a non-debtor falsely targeted by a debt-collector was "the object of collection activity arising from consumer debt" ); see also 15 U.S.C. § 1692(a)(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce . . . in any business the principle purpose of which is the collection of any debts . . . ."); id. § 1692e(2), (4) (prohibiting debt collectors from making false representations concerning "the character, amount, or legal status of any debt"); Harper, 768 F. Supp. at 819 (holding that the FDCPA prohibits debt collectors from falsely threatening imprisonment for nonpayment).  The Court adopts the R&R's recommendation and grants default judgment on Plaintiff's FDCPA claim.

        2.    *Invasion of Privacy Claims*

The Magistrate Judge found that Plaintiff is not entitled to default judgment on her invasion of privacy claim because her Complaint does not allege that Defendant conducted either (1) a physical intrusion analogous to trespass, or (2) a

surveillance of Plaintiff or her activities. The Court does not find plain error in this finding. See <u>Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) (holding that "a defendant's default does not in itself warrant the court in entering a default judgment" and that "[t]here must be a sufficient basis in the pleadings for the judgment entered"); <u>Benedict</u>, 709 S.E.2d at 318 (holding that liability for invasion of privacy by intrusion upon seclusion requires a showing of either (1) a physical intrusion by defendant analogous to trespass; or (2) a surveillance or monitoring of activities conducted by the defendant on the plaintiff). The Court adopts the R&R's recommendation and denies default judgment on Plaintiff's invasion of privacy claim.

3. *Intentional Infliction of Emotional Distress Claim*

The Magistrate Judge found that Plaintiff is not entitled to default judgment on her claim for intentional infliction of emotional distress because her Complaint does not allege sufficiently extreme or outrageous conduct by Defendant. The Court does not find plain error in this finding. See <u>Farrell</u>, 178 F. Supp. 2d at 1299 (holding that courts have discretion to determine whether allegations rise to the requisite level of outrageousness and noting that "liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"); see also Latimore, 2013 WL 791258 at *6-7 (finding no extreme and outrageous conduct where defendant made phone calls and left voice mails threatening to arrest and incarcerate debtor); Am. Fin. & Loan Corp. v. Coots, 125 S.E.2d 689, 691 (1962) (finding extreme and outrageous conduct only where debt collector terrorized plaintiff and held family at gunpoint). The Court adopts the R&R's recommendation and denies default judgment on Plaintiff's intentional infliction of emotional distress claim.

    4. *Damages*

The Magistrate Judge found that Plaintiff is entitled to $1,000 in statutory damages and $1,010.36 in court costs with respect to her FDCPA claims because the facts asserted in her Complaint satisfy the requirements of 15 U.S.C. § 1692k. The Court does not find plain error in this finding. See 15 U.S.C. § 1692k(2)(a) (limiting maximum statutory damages under FDCPA to $1,000); id. § 1692k(3) (allowing courts to award court costs under FDCPA).

The Magistrate Judge further found that Plaintiff may be entitled to actual damages and attorney's fees with respect to her FDCPA claims, but that a hearing is required to determine the proper amounts. The Court does not find plain error in this finding. See Fed. R. Civ. P. 55(b)(2)B (allowing the Court "to conduct

hearings or make referrals – preserving any federal right to a jury trial – when, to enter or effectuate judgment, it needs to determine the amount of damages"); 15 U.S.C. § 1692k(3) (allowing courts to award attorney's fees under FDCPA); Anheuser Busch, Inc., 317 F.3d at 1266 (holding that when plaintiff's actual damages are not liquidated, the Court must assure that there is a "legitimate basis for any damage award it enters"); Adolph Coors Co., 777 F.2d at 1543 (holding that attorney's fees and actual damages are not "liquidated sum[s] or capable of mathematical calculation").

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Report and Recommendation [15] is **ADOPTED**.  Plaintiff's Motion for Entry of Default Judgment [12] is **GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** with respect to Plaintiff's claims under the FDCPA.  It is **DENIED** with respect to Plaintiff's invasion of privacy and intentional infliction of emotional distress claims.  The Court further determines that a default judgment hearing is required to determine whether Plaintiff is entitled to actual damages or attorney's fees and, if so, in what amount.

**IT IS FURTHER ORDERED** that the Clerk resubmit this matter to

Magistrate Judge E. Clayton Scofield III to conduct a hearing on actual damages and attorney's fees and to enter a Report and Recommendation following the hearing.

**SO ORDERED** this 3rd day of July, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE