IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA GIBSON,

   Plaintiff,

                                 CASE NO.: 1:12-CV-2990

-vs-

ROSENTHAL, STEIN AND
ASSOCIATES, LLC,

   Defendant.
_____/

## PLAINTIFF'S MOTION FOR
## AN AWARD OF COSTS AND ATTORNEY FEES

COMES NOW Plaintiff, Pamela Gibson, moves this Honorable Court for an Order that Defendant Rosenthal, Stein and Associates, LLC shall pay to Plaintiff an award of costs and attorney fees for Defendant's violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq. The following is stated in support thereof.

1.    On August 28, 2012, Plaintiff Pamela Gibson filed a complaint alleging defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") [D.E. 1].

2. On December 4, 2012, Plaintiff Pamela Gibson filed an Amended complaint alleging defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") [D.E. 10].

3. Defendant was served with Plaintiff's amended complaint by personal service on Michael Cohen, a registered agent for Defendant, on December 19, 2012. [D.E. 12].

4. On January 18, 2013, Plaintiff filed a motion for clerk's entry of default. [D.E. 13].

5. A default was enter by the clerk against Defendant on January 18, 2013.

6. Plaintiff moved for default judgment on February 18, 2013. [Doc. 14].

7. On July 3, 2013, this Court entered an Order Granting Plaintiff's Motion for Default, awarding her $1,000 in statutory damages and $1,010.36 in court costs as to her claims under the FDCPA and ordered a hearing on actual damages and attorney's fees.

8. A hearing on Plaintiff's actual damages occurred on December 3, 2013.

9. The Court permitted Plaintiff an additional 10 days to submit documentation in support of Plaintiff request for an award of attorney fees under the FDCPA.

10. Plaintiff was represented by Jared M. Lee and Reynolds E. Pitts, Jr.

11. Plaintiff's attorney Jared M. Lee has expended a total of 29.25 hours on behalf of Plaintiff. An itemized account is contained in the Declaration of Jared

M. Lee in Support of Plaintiff's Motion for Award of Costs and Attorney Fees, attached hereto as Exhibit A to Declaration of Jared M. Lee.

12. The hourly rate for the services provided by Jared M. Lee is $300 per hour. Exhibit A to Declaration of Jared M. Lee.

13. The total lodestar calculation for the services of Jared M. Lee in this matter is $8,775.00 (29.25 hours x $300/hr = $8,775.00).

14. This Court has previously held that Plaintiff is entitled to $1,010.36 in court costs on July 3, 2013 [D.E. 17], since the date of that order Jared M. Lee's law firm incurred additional costs and litigation expenses of $845.82 in the reasonable prosecution of this matter. Attached as *Exhibit B* to Declaration of Jared M. Lee.

15. Should it become necessary, Plaintiff's attorneys will submit a Supplemental Declaration after the completion of the briefing of this motion, detailing the additional time and costs expended on this matter.

16. This motion is further supported by the accompanying memorandum of law.

WHEREFORE, Plaintiff, Pamela Gibson requests that this Honorable Court award reasonable attorney fees for the services of Plaintiff's counsel in the amount of $8,775.00 and costs of $1856.18, for a total of $10,631.18 in addition to such amounts as the Court finds Plaintiff to be entitled to recover as statutory and actual damages. Plaintiff further requests costs and attorney fees for any future time expended litigating this motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system on this 13th day of December, 2013 and mailed to Defendant by US Mail c/o Michael J. Cohen 267 W. Wieuca Rd. NE, Suit 201, Atlanta, GA 30342.

/s/ Jared M. Lee,
Reynolds E. Pitts, Jr., Esquire
Georgia Bar #: 581276
Jared Michael Lee, Esquire
Florida Bar #: 0052284
*Admitted Pro Hac Vice on 9/5/12*
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Attorneys for Plaintiff
jlee@forthepeople.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA GIBSON,

   Plaintiff,

                                 CASE NO.: 1:12-CV-2990

-vs-

ROSENTHAL, STEIN AND
ASSOCIATES, LLC,

   Defendant.
_____/

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
AN AWARD OF COSTS AND ATTORNEY FEES**

I. PROCEDURAL HISTORY

On August 28, 2012, Plaintiff Pamela Gibson filed a complaint alleging that Vandenburg Chase and Associates, LLC D/B/A Rosenthal, Stein And Associates, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") [D.E.1]. An Amended Complaint was subsequently filed on December 4, 2012. Defendant was served with Plaintiff's amended complaint by personal service on Michael Cohen, a registered agent for Defendant, on December 19, 2012. [D.E. 12]. On January 18, 2013, Plaintiff filed a motion for clerk's entry of default. [D.E. 13]. A default was enter by the clerk against Defendant on January 18, 2013. Plaintiff moved for default judgment on February 18, 2013.

[Doc. 14]. On July 3, 2013, this Court entered an Order Granting Plaintiff's Motion for Default, awarding her $1,000 in statutory damages and $1,010.36 in court costs as to her claims under the FDCPA and ordered a hearing on actual damages and attorney's fees. Such hearing occurred on December 3, 2013 at such time the Court permitted Plaintiff an additional 10 days to submit documentation in support of Plaintiff request for an award of attorney fees under the FDCPA.

## II. STATEMENT OF FACTS

In this litigation, plaintiff Pamela Gibson was represented by Jared M. Lee, Mr. Lee expended 29.25 hours in representation of plaintiff. (See Paragraph #7 Declaration of Jared M. Lee in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees.) The reasonable hourly rate for an attorney of Mr. Lee's experience is $300. Declaration of Jared M. Lee Paragraph #8. An amount totaling $8,775.00 is sought as attorney fees for Mr. Lee's representation of Plaintiff. Declaration of Jared M. Lee Paragraph #9. Mr. Lee' firm expended $1856.18 in costs and litigation expenses in the prosecution of this action. Declaration of Jared M. Lee Paragraph #10 and Exhibit B of Declaration of Jared M. Lee.

## III. ARGUMENT

### A. *PLAINTIFF* PAMELA GIBSON *WAS SUCCESSFUL IN THIS ACTION*

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer.

> . . . any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney fee as determined by the court.

15 U.S.C. §1692k(a)(3).

The language of the FDCPA makes an award of attorney fees mandatory. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345 n.3 (7th Cir. 1997), citing *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir. 1995). In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory" *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (Camacho II) (citation omitted). *See also Jacobson v. Healthcare Fin. Serv., Inc.*, 516 F.3d 85 (2d Cir. 2008); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164 (7th Cir. 1997); *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995); *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991).

"Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). See also *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990)(Truth in Lending Act). Plaintiff was the prevailing party in this litigation. Statutory damages of $1,000 will be awarded to plaintiff. This is the maximum statutory damages recovery plaintiff can receive. 15 U.S.C. § 1692k(a)(2).

### B. PLAINTIFF'S ATTORNEYS ARE TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA

The U.S. Supreme Court has explained the calculation for an award of attorney fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983). *See Perdue v. Kenny A. ex rel. Winn*, [rule] U.S. [rule], 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §

1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, *supra*, 103 S. Ct. at 1939, n.7. "We have stated in the past that fee-shifting statutes' similar language is a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 34 (1st Cir. 2002); *I.B. v. N.Y. City Dep't of Educ.*, 336 F.3d 79, 80 (2d Cir. 2003); *Planned Parenthood v. AG*, 297 F.3d 253, 265 (3d Cir. 2002); *Dennis v. Columbia Colleton Med. Ctr.*, 290 F.3d 639, 652 (4th Cir. 2002); *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003); *Paschal v. Flagstar Bank, FSB*, 297 F.3d 431, 434 (6th Cir. 2002); *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317–18 (7th Cir. 2003); *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003); *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1234 n12 (10th Cir. 2000); *Loggerhead Turtle v. County Council*, 307 F.3d 1318, 1321 n3 (11th Cir. 2002); *Nat'l Mining Ass'n v. DOL*, 292 F.3d 849, 875 (D.C. Cir. 2002).

In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), the Fifth Circuit set out twelve factors relevant to the determination of a reasonable attorney fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These are often referred to as the *Johnson* factors. However, it is not necessary for the district court to address each of these factors. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010); *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1103–04 (10th Cir. 2010).

Plaintiff's attorney Jared M. Lee expended 29.25 hours during the course of this litigation. This amount of time is reasonable. The reasonable hourly rate for an attorney with Mr. Lee's experience in this type of litigation is $300 per hour. This is the prevailing market rate in this type of representation. *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The lodestar calculation

for the efforts of Jared M. Lee in this litigation is $8,775.00. Mr. Lee's firm also incurred $1856.18 as costs and expenses of this litigation.

Thus, the total lodestar calculation for the award of attorney fees to Plaintiff in this matter totals $10,631.18.

### C. THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF THE JUDGMENT

Plaintiff seeks an award of attorney fees based upon the lodestar formula.

**The Award of Attorney Fees Is Not Limited by the Amount of Damages**

As long as Plaintiff is successful, i.e., recovers more than nominal damages, Plaintiff should be awarded attorney's fees pursuant to a lodestar calculation.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted). *See also Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc., supra*. The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute

would be unlikely if an individual had to pay his or her own attorney fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*City of Riverside v. Rivera*, *supra* at 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). "Congress has relied on such plaintiffs to act as private attorneys general." *Id.*, at 1450 n.13. Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

The amount of damages awarded often has borne no relation to the amount of attorney fees granted. "[A]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted). Upon finding a statutory violation and damages,

the attorney fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Gradisher v. Check Enforcement Unit*, 2003 WL 187416 (W.D. Mich., Jan. 22, 2003), the district court awarded plaintiff $1,000 statutory damages plus attorneys' fees of $69,872.00 and expenses of $7,808.44. In *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn., Sept. 5, 2002), the district court approved the award of $43,180 in attorney fees where the plaintiff recovered $1,000 in statutory damages. The Southern District of Florida affirmed the bankruptcy court's award of attorney fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000. *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D. Fla. 2001), *aff'd* 271 B.R. 696 (S.D. Fla. 2001). In *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990), the district court awarded $10,110 in attorney fees plaintiff's recovery was only $1,200. The Seventh Circuit reversed a district court's denial of attorneys' fees even though the plaintiffs only recovered $100 ($50 each) as FDCPA statutory damages and remanded for determination of an award of attorneys' fees. *Zagorski v. Midwest Billing Services, Inc., supra*.

"Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the

vindication of the statutory rights." *Tolentino v. Friedman, supra,* at 652, *citing City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986).

"When a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." *Hensley v. Eckerhart, supra*, at 435. Here, Pamela Gibson will receive compensation for both her actual and statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a).

### D. PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorney fees. The District of Nevada stated that "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses . . . includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying." *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs. *Sousa v. Miguel* 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. *Libertad v. Sanchez*, 134

F.Supp.2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. § 1920. *See Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). Computer research costs are recoverable. *United Nuclear Corp. v. Cannon*, 564 F. Supp. 581, 591–92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routine research tasks that can be accomplished quicker and more economically with LEXIS.")

Thus, Plaintiff's litigation expenses and costs are compensable.

### E. PLAINTIFF WILL SEEK A SUPPLEMENTAL AWARD OF COSTS, LITIGATION EXPENSES AND ATTORNEY FEES FOR TIME EXPENDED UPON THIS MOTION

The Declarations submitted by Plaintiff's attorneys detail the costs and time expended in this litigation prior to the preparation of this brief. The additional cost and time expended preparing this Motion for an Award of Costs and Attorney Fees and briefing will be submitted when work of Plaintiff's counsel is completed. An award of fees is appropriate for the time expended in pursuing a Motion For Award Of Attorney Fees. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981–82 (9th Cir. 2008); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980);

*Tyler Business Servs., Inc. v. N.L.R.B.*, 695 F.2d 73 (4th Cir. 1982); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979); *In re Burlington N., Employment Practices Litig.*, 832 F.2d 430 (7th Cir. 1987); *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987). After completion of briefing, Plaintiff's counsel will submit Supplemental Declarations for an Award of Attorney Fees.

## V. CONCLUSION

Based upon the lodestar calculation, attorney fees should be awarded to plaintiffs' counsel in the amount of $8,775.00]. An award of $1856.18 as costs and litigation expenses should also be awarded. A supplemental Declaration for an award of attorney fees will be submitted after the completion of briefing if necessary.

/s/ Jared M. Lee,
Reynolds E. Pitts, Jr., Esquire
Georgia Bar #: 581276
Jared Michael Lee, Esquire
Florida Bar #: 0052284
*Admitted Pro Hac Vice on 9/5/12*
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Attorneys for Plaintiff
jlee@forthepeople.com