IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA GIBSON,            :
                               :
      Plaintiff,         :
                               :       CIVIL ACTION
v.                           :
                               :       NO. 1:12-CV-2990-WSD-ECS
ROSENTHAL, STEIN, AND    :
ASSOCIATES, LLC,        :
                               :
      Defendant.        :

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court following an evidentiary hearing conducted to determine whether Plaintiff Pamela Gibson ("Plaintiff") is entitled to actual damages, attorney's fees, and court costs after the District Judge adopted the report and recommendation of the undersigned recommending entry of a default judgment against Defendant. [Doc. 17].[1] In the order, the District Judge referred the matter to the undersigned for a hearing on damages prior to entry of judgment. [Id. at 11-12]. On December 3, 2013, this Court conducted a non-jury damages hearing pursuant to the referral. [Doc. 21]. Defendant did not appear at the hearing, despite notice sent to its last known mailing address. The Court now makes the following

---

[1] In the report and recommendation, the undersigned recommended that Plaintiff's motion be granted but that entry of default judgment be deferred until such time as a hearing could be conducted to ascertain Plaintiff's damages. [Doc. 14 at 14].

findings of fact and conclusions of law:

## I.
### Findings of Fact

(1)   Plaintiff filed this civil action on August 28, 2012, naming Vandenburg, Chase and Associates, LLC, doing business as Rosenthal, Stein and Associates, LLC, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). [Doc. 1]. Plaintiff filed an amended complaint on December 4, 2012, naming Rosenthal, Stein and Associates, LLC, as the defendant. [Doc. 9].

(2)   Defendant Rosenthal, Stein and Associates, LLC ("Defendant") was served with process on September 10, 2012, [Doc. 6], and again on December 19, 2012, [Doc. 12], after Plaintiff filed the amended complaint. Defendant failed to appear, however, and the District Judge entered an order granting a default judgment subject to a damages hearing. [Doc. 17].

(3)   Plaintiff requested an award of reasonable actual damages for "generic" or emotional harm and presented evidence of such by testifying as the sole witness at the hearing. [Doc. 14-1], (Transcript of December 3, 2013, Hearing on Damages ("T.") at 3-17). Plaintiff requested the maximum award for statutory damages, $,1000.00. [Doc. 14-1]. Plaintiff also requested the award of attorney's fees and costs. (T. at 17).

AO 72A
(Rev.8/82)

(4)   Defendant first contacted Plaintiff on August 15, 2011, informing her that she owed Defendant $800 for a loan her daughter took out more than four years prior. (T. 4). Plaintiff consulted her daughter who denied taking out the loan. (T. 5).

(5)   Plaintiff called Defendant's representative denying that her daughter obtained the loan. Defendant's representative's tone was "aggressive" in response, and she threatened to send the Cobb County Sheriff to Plaintiff's home to arrest her if she did not make a payment on the loan immediately. (T. 6).

(6)   Plaintiff borrowed money from another daughter to pay Defendant immediately, and the parties set up a plan for Plaintiff to pay Defendant $100.00 every two to four weeks. (T. 7-8).

(7)   Plaintiff received numerous calls of a threatening nature from Defendant during the fall of 2011. (T. 11, 13-14).

(8)   Defendant left two messages on Plaintiff's voice mail stating, "You payment declined today.... You were down to $100, now it's $150. Another decline, your payment will be $200 after tomorrow...." [Doc. 21, ex. A]; and "Somebody from the County will be contacting you.... The Sherif's department is going to cost you an additional $1,200." [Id.].

(9)   Plaintiff testified that she was "very afraid" and believed that Defendant had the ability to put her in jail. (T. 9-10).

(10)  Plaintiff testified that the phone calls and voice mail messages

3

caused her emotional stress, stress to her familial relationships, fear, and embarrassment. (T. 10-16).

(11) Plaintiff testified that Defendant's actions caused her to divert funds used to pay for living expenses and utilities, to live without electricity for two weeks, and to go to work without a shower or the ability to cook food, in order to pay Defendant. (T. 11-12).

(12) Plaintiff paid Defendant a total of $700.00 to $750.000 during the fall of 2011. (T. 13).

(13) In December 2011, Plaintiff stopped making payments to Defendant and contacted an attorney. (T. 15).

## II.
## Conclusions of Law

(1) The FDCPA prohibits abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

(2) Liability of the Defendant has been established in the instant case pursuant to the District Judge's July 3, 2013, order. [Doc. 17].

(3) After entry of a default, a magistrate judge may conduct a hearing and issue a report and recommendation, which may be adopted by the district judge in entering default judgment. Hornsby v. Three Dollar Café, III, Inc., No. 1:03-CV-1668, 2007 WL 2106304, at *5 (N.D. Ga. July 17, 2007) (citing Callier v.

4

<u>Gray</u>, 167 F.3d 977, 982-983 (6th Cir. 1999)).

(4) On entry of default, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." <u>Adolph Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1544 (11th Cir. 1985)(quotation omitted).

**A.   Statutory Damages**

(1) Plaintiff requested $1,000.00 in statutory damages in her motion for default judgment, [Doc. 14]. The District Judge, adopting the report and recommendation of the undersigned, [Docs. 15, 17], granted the motion, awarding Plaintiff $1,000.00 in statutory damages, and deferring entry of a default judgment until the instant hearing on actual damages and attorney's fees and costs could be held.

(2) Accordingly, **IT IS RECOMMENDED** that Plaintiff be awarded **$1,000.00** in statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

**B.   Actual Damages**

(1) Plaintiff requested an award of reasonable actual damages for "generic" or emotional harm and presented evidence of such by testifying as the sole witness at the hearing. [Doc. 14-1], (T. 2-17).

5

(2)  "Actual damages under the FDCPA include damages for emotional distress." <u>Minnifield v. Johnson & Freedman, LLC</u>, 448 F. App'x 914, 916 (11th Cir. 2011). Awarding damages does not require proof of an intentional violation, rather it is "dictated by common sense." <u>Latimore v. Gateway Retrieval, LLC</u>, 2013 WL 791258, at *10 (N.D. Ga. Feb. 1, 2013) (citing <u>Minnifield</u>, 448 F. App'x at 916; <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1190 (11th Cir. 2010); <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 586 F. Supp. 2d 1346, 1357 (N.D. Ga. 2008); <u>McLean v. GMAC Mortgage Corp.</u>, 595 F. Supp. 2d 1360, 1369 (S.D. Fla.2009); <u>McGrady v. Nissan Motor Acceptance Corp.</u>, 40 F. Supp. 2d 1323, 1339 (M.D. Ala.1998)).

(3)  Plaintiff has established the necessary facts to demonstrate a reasonable basis for an award.

(4)  Accordingly, **IT IS RECOMMENDED** that Plaintiff be awarded **$15,000.00** in actual damages, to include emotional distress, for her FDCPA claim against Defendant, pursuant to 15 U.S.C. §1692k(a)(1).

**C.   Attorney's Fees & Costs**

(1)  The District Judge, adopting the July 3 report and recommendation of the undersigned, [Docs. 15, 17], granted the motion, awarding Plaintiff $1,010.36 in court costs.

(2)  Plaintiff also requested the award of attorney's fees and

6

presented evidence of such by affidavit. [T. 17, Docs. 22, 27].

(3)   As the prevailing party under the FDCPA, Plaintiff may recover reasonable attorney's fees and costs of the action. 15 U.S.C. § 1692k(a)(3).

(4)   Plaintiff's motion for attorney's fees states that attorney Jared M. Lee expended 29.25 hours on her behalf, at a rate of $300.00 per hour, totaling $8,775.00 in attorney's fees. [Doc. 22 at 2-3]; see also [Doc. 27-1 (Plaintiff's declaration in support of attorney's fees].

(5)   Plaintiff's motion also states that an additional $845.82 in litigation and court costs has accrued since the filing of her motion for default judgment, where she requested and awarded $1,010.36. See [Docs. 14, 15, 17].

(6)   Plaintiff has requested $10,631.18 in costs and reasonable attorney's fees. [Docs. 22, 22-1].

(7)   Upon consideration, the undersigned concludes that the fees requested are reasonable.

(8)   Accordingly, **IT IS RECOMMENDED** that Plaintiff's counsel be awarded **$8,775.00** in attorney's fees and **$1,856.18** in costs.

### III.
### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff Gibson be awarded **$1,000.00** in statutory damages and **$15,000.00** in actual damages. IT

7

**IS FURTHER RECOMMENDED** that Plaintiff's counsel receive **$1,856.18** in costs and **$8,775.00** in attorney's fees; for a total default judgment against Defendant in the amount of **$26,631.18**.

The Clerk is **DIRECTED** to terminate this reference to the undersigned.

     **SO REPORTED AND RECOMMENDED**, this 10th day of January, 2014.

                    *s/ E. Clayton Scofield*
                    E. CLAYTON SCOFIELD III
                    UNITED STATES MAGISTRATE JUDGE

8