IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA GIBSON,

                Plaintiff,

v.                                       1:12-cv-2990-WSD

ROSENTHAL, STEIN, AND
ASSOCIATES, LLC,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation ("R&R") [28] which recommends that Plaintiff be awarded $1,000 in statutory damages, pursuant to 15 U.S.C. § 1692(a)(2)(A) and $15,000 in actual damages, pursuant to 15 U.S.C. § 1692k(a)(1).  Magistrate Judge Scofield further recommended that Plaintiff's counsel receive $1,856.18 in costs and $8,775 in attorney's fees, for a total default judgment against Defendant of $26,631.18.

**I.    BACKGROUND**

On July 3, 2013, the Court granted Plaintiff Pamela Gibson's ("Plaintiff") Motion for Entry of Default Judgment [12] with respect to her claims against Rosenthal, Stein, & Associates, LLC ("Defendant") for abusive debt collection

practices under the Fair Debt Collection Practices Act ("FDCPA").[1]  The Court ordered that an evidentiary hearing be held to determine if Plaintiff was entitled to actual damages and attorney's fees and costs.  On December 3, 2013, Magistrate Judge Scofield conducted the evidentiary hearing, and Defendant did not appear.

On January 10, 2014, Magistrate Judge Scofield issued his R&R recommending that Plaintiff be awarded $1,000 in statutory damages, following the Court's Order [17] from July 3, 2013, pursuant to 15 U.S.C. § 1692(a)(2)(A).[2] After the evidentiary hearing, Magistrate Judge Scofield recommended that Plaintiff be awarded $15,000 in actual damages for the emotional harm she asserted, pursuant to 15 U.S.C. § 1692k(a)(1) and that Plaintiff's counsel should receive $1,856.18 in costs and $8,775 in attorney's fees, for a total default judgment against Defendant of $26,631.18.

## II.    DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate

---

[1] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

[2] On July 3, 2013, the Court found that Defendant engaged in abusive debt collection practices prohibited under the FDCPA.  See 15 U.S.C. § 1692.

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  There are no objections to the findings and conclusions in the R&R, and the Court reviews them for plain error.

    B. Analysis

On July 3, 2013, the Court granted the Plaintiff's Motion for Entry of Default Judgment, pursuant to 15 U.S.C. § 1692, entitling her to statutory damages under the FDCPA.  Plaintiff requested the maximum $1,000 amount of statutory damages.  See 15 U.S.C. § 1692k(a)(2)(A) (limiting maximum statutory damages under FDCPA to $1,000).  The Magistrate Judge found that Plaintiff should be

awarded the requested $1,000 in statutory damages based on the Court's Order from July 3, 2013, and the Court finds no plain error in this finding.

"Any debt collector who violates the FDCPA, with respect to any person, is liable to such person in an amount equal to the sum of any actual damage sustained by the person as a result of such failure." See 15 U.S.C. § 1692k(a)(1). "Actual damages under the FDCPA include damages for emotional distress." Minnifield v. Johnson & Freedman, LLC, 448 F. App'x 914, 916 (11th Cir. 2011). Awarding damages does not require proof of an intentional violation; rather it is "dictated by common sense." Latimore v. Gateway Retrieval, LLC, 2013 WL 791258, at *10 (N.D. Ga. 2013) (citing Minnifield, 448 F. App'x at 916; LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010); Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1357 (N.D. Ga. 2008); McLean v. GMAC Mortage Corp., 595 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009); McGrady v. Nissan Motor Acceptance Corp., 40 F. Supp. 2d 1323, 1339 (M.D. Ala. 1998)). Otherwise, "a debtor suffering mental anguish without pecuniary or physical damages would be limited to recovering a maximum amount of $1,000 pursuant to the FDCPA." Id. Actual damages for emotional distress under the FDCPA can be proven independently of Georgia state law requirements for a tort action for

intentional or negligent infliction of emotional distress. <u>Carrigan v. Central Adjustment Bureau, Inc.</u>, 502 F. Supp. 2d 468 (N.D. Ga. 1980).

Plaintiff requests an award of reasonable actual damages.[3] During the hearing, Plaintiff testified that Defendant first contacted her on August 15, 2011, informing her that she owed Defendant $800 for a loan her daughter allegedly took out in Plaintiff's name. Plaintiff denied that her daughter took out the $800 loan, and Defendant, in response, threatened to send the Cobb County Sheriff to Plaintiff's home to arrest her if she did not immediately make a payment on the loan. Plaintiff testified that she was "very afraid" and believed that the Defendant had the ability to incarcerate her for failing to pay a debt that she did not legally owe. As a result of the Defendant's threatening conduct, Plaintiff testified that she diverted the funds that she used to pay for her living expenses to pay Defendant.[4] Based on the Plaintiff's testimony, the Magistrate Judge found that Plaintiff sufficiently established that her emotional distress was a result of Defendant's conduct. See <u>McLean v. GMAC Mortgage Corp.</u>, 595 F. Supp. 2d at 1369-70

---

[3] Plaintiff did not request a specific amount of actual damages. Case law in this Court demonstrates that actual damages may be awarded if Plaintiff can demonstrate that they are reasonable.

[4] Plaintiff testified that she lived without electricity for two weeks, went to work without the ability to shower, and could not cook food because she felt obligated to pay Defendant, instead of paying her electricity and utility bills, for fear of going to jail.

5

(relying on the plaintiff's lay testimony to establish emotional distress damages). See also Latimore v. Gateway Retrieval, LLC, 2013 WL 791258, at *10 (finding that awarding the plaintiff $10,000 in damages was reasonable even though plaintiff only requested actual damages of $617.31 for her medical expenses because "recovery of those [medical] expenses still does not account for the extent of emotional pain and suffering established by Plaintiff in her affidavit"). The Magistrate Judge concluded that Plaintiff's factual evidence demonstrated a reasonable basis for an award of actual damages of $15,000, and the Court finds no plain error in this finding.

As the prevailing party under the FDCPA, Plaintiff is entitled to recover reasonable attorney's fees and costs. See 15 U.S.C. § 1692k(a)(3). The Magistrate Judge found that Plaintiff's counsel should receive $1,856.18 in costs and $8,775 in attorney's fees. Plaintiff's attorney Jared M. Lee expended 29.25 hours on her behalf, at a rate of $300.00 per hour, totaling $8,775 in attorney's fees. An additional fee of $845.82 has also accrued since the Court granted Plaintiff's Motion for Entry of Default Judgment, entitling her to $1,856.18 in court fees. The Magistrate Judge concluded that the attorney's fees and costs requested by Plaintiff are reasonable, and the Court finds no plain error in this conclusion.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Report and Recommendation [28] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff be awarded **$1,000** in statutory damages and **$15,000** in actual damages.

**IT IS FURTHER ORDERED** that Plaintiff's counsel receive **$1,856.18** in costs and **$8,775** in attorney's fees; for a total default judgment against Defendant in the amount of **$26,631.18**.

**SO ORDERED** this 17th day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE